FILED
 2008 Feb-20  PM 04:33
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **TOMMIE JOE JACKSON, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 2:05-CV-1499-RDP-HGD |
| ) | |
| **STEPHEN W. BULLARD, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OF OPINION

Plaintiff Tommie Joe Jackson, Jr., an Alabama prisoner, initiated this action against Defendants, Stephen W. Bullard, Donal Campbell, Cory Webster, Charles Willis, Sharon McSwain, and fellow inmate Antonio McGhee, alleging that Defendants Bullard, Campbell, Webster,[1] Willis, and McSwain failed to protect him from an attack by inmate McGhee, even though they were aware that McGhee had threatened to kill Plaintiff.  He alleged further that because he and inmate McGhee were housed in different cell blocks when he was assaulted, an officer had to have let McGhee out of his cell block and into Plaintiff's cell block, evincing a deliberate indifference to Plaintiff's safety.

---

[1] The claims against Defendant Webster were dismissed without prejudice for lack of prosecution on March 13, 2007.  (Doc. # 25).

On March 12, 2007, the magistrate judge filed a report and recommendation, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed for failing to state a claim upon which relief can be granted under 28 U.S.C. § 1915A(b). On March 27, 2007, Plaintiff filed objections to the report and recommendation.

In the March 12, 2007, report and recommendation, the magistrate judge found: 1) there was no evidence that Defendant McSwain was aware or should have been aware that Plaintiff was in danger of a subsequent assault by inmate McGhee; 2) there was no evidence that Defendant Willis allowed inmate McGhee to enter cell block two for the purpose of assaulting Plaintiff, or released inmate McGhee from house arrest without obtaining Plaintiff's consent, thus deliberately disregarding Plaintiff's safety; 3) Defendants Bullard and Campbell could not be held responsible through the concept of respondeat superior; and 4) there was no evidence that Defendant McGhee, a fellow inmate, conspired with any state actor(s) in committing the assault upon him, and was therefore not a proper party in the action.  (Doc. # 24).

Specifically, the report of the magistrate judge concluded:

> Construing the facts in the light most favorable to the plaintiff, plaintiff Jackson has failed to offer sufficient evidence that either defendant McSwain or defendant Willis were aware or should have been aware of a strong likelihood that plaintiff would be assaulted *and* failed to act despite that knowledge.  Defendant McSwain's only indication that Jackson may have been in danger was the

> December 28, 2003, altercation between Jackson and McGhee, which resulted in the two inmates being separated. Jackson does not allege that he ever informed defendant McSwain of McGhee's subsequent verbal threats or threatening letters or that he ever communicated to defendant McSwain that he felt threatened or that he feared another attack. Plaintiff himself acknowledges having shown the alleged threatening letters to only Officer Willis and having been threatened only in the presence of Officer Tannehill. Therefore, to the best of defendant McSwain's knowledge, any threat to the plaintiff subsided once inmate McGhee was placed on house arrest in cell 4-2B.

(Doc. #24 at 8).

The report further concluded that, even assuming that Defendant Willis' alleged knowledge of the threatening letters constituted knowledge of a substantial danger or risk to Plaintiff, Plaintiff cannot establish that Defendant Willis acted with deliberate indifference to that risk, as he provided no proof of an affirmative causal connection between Defendant Willis' acts or omissions and the alleged constitutional violation. (Doc. #24 at 9-10).

In his objections, Plaintiff argues that he has affidavits from other inmates who witnessed him asking Sergeant McSwain to place him in segregation, which she refused to do. (Doc. # 28). Plaintiff further reiterates his previous arguments that he never signed a living agreement consenting to being together in population with Antonio McGhee and that inmate McGhee threatened to kill Plaintiff in front of

3

Officer Tannehill. (*Id*.). However, Plaintiff did not submit affidavits from the inmate witnesses, did not bring this action against Officer Tannehill, and provided no affidavits or documentary evidence to refute the findings of the magistrate judge.

The court concurs with the findings of the magistrate judge that Plaintiff failed to offer sufficient evidence that Defendants were aware or should have been aware of a strong likelihood that Plaintiff would be assaulted *and* failed to act, or acted with deliberate indifference to the risk, despite that knowledge. Thus, having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the court is of the opinion that the magistrate judge's report is due to be and is hereby **ADOPTED** and the recommendation is **ACCEPTED**.

For the foregoing reasons, Defendants' motion for summary judgment is due to be **GRANTED** and this action is due to be **DISMISSED WITH PREJUDICE**. A Final Judgment will be entered.

**DONE** and **ORDERED** this      20th      day of February, 2008.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE